IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dianne Michele Carter El-Bey, <br> a/k/a D'ori Me'ira El-Bey, <br><br> Plaintiff, <br><br> vs. <br><br> Clover Police Department; M.L. Wilson; C.J. Neeland; C.D. Dover; C.S. Salvage, Inc. d/b/a A+ Garage & Towing; J. Corsey Bentley; Rachel Anne Fiesta Fleming; Herman Melvin Howell; York County Sheriff's Office; and Bruce M. Bryant, <br><br> Defendants. | C/A No.: 0:14-513-TLW-SVH <br><br><br> REPORT AND RECOMMENDATION |

Plaintiff Dianne Michele Carter El-Bey, proceeding pro se and in forma pauperis, alleges constitutional violations and state law causes of action associated with an arrest and detention in February 2011.[1] [Entry #13 at 5]. Plaintiff names the following defendants: Clover Police Department ("CPD"); M.L. Wilson ("Wilson"); C.J. Neeland ("Neeland"); C.D. Dover ("Dover"); C.S. Salvage, Inc. d/b/a A+ Garage & Towing (C.S. Salvage, Inc."); J. Corsey Bentley ("Bentley"); Rachel Anne Fiesta Fleming ("Fleming"); Herman Melvin Howell ("Howell"); York County Sheriff's Office ("YCSO"); and Bruce M. Bryant ("Bryant") (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. §636(b), and Local Civil Rule

---

[1] Plaintiff filed an amended complaint in this case on April 4, 2014. [Entry #13].

73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint without prejudice and without issuance and service of process as to Fleming and Howell.[2]

I.    Factual and Procedural Background

Plaintiff alleges she was falsely arrested by CPD employees Wilson and Neeland on February 26, 2011. [Entry #13 at 5]. Plaintiff further asserts that Wilson and Neeland subjected her to wrongful imprisonment at the York County Detention Center, a division of the YCSO operated by Bryant. *Id.* at 4–5. On February 27, 2011, Neeland allegedly served Plaintiff with a "fugitive from justice" warrant associated with two North Carolina court cases, which were later dismissed. *Id.* at 5. Neeland also allegedly served Plaintiff with a traffic ticket for providing false information to police. *Id.*

Plaintiff indicates that she is a member of the Moorish Science Temple of America, and alleges that Dover conducted an unlawful search of the Temple premises on March 1, 2011. *Id.* at 6. Plaintiff states that Dover illegally seized property during the search that has not been returned. *Id.* Plaintiff further alleges deprivation of property claims against the CPD and C.S. Salvage, Inc., which is owned by Bentley. *Id.* at 5, 7. Fleming is named as the judge who signed Plaintiff's warrant on February 27, 2011, and Howell is identified as a judge who failed to release Plaintiff from jail. *Id.* at 3–4, 6.

---

[2] A separately-docketed order authorizes the issuance and service of process on the remaining defendants.

2

Plaintiff states that she is a citizen of North Carolina and she seeks over twelve million dollars in damages, alleging jurisdiction under 28 U.S.C. §§ 1331, 1332, and other federal statutes. *Id.* at 1–2, 11.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can

3

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Plaintiff provides sufficient factual allegations to withstand summary dismissal of her claims against CPD, Wilson, Neeland, Dover, C.S. Salvage, Inc., Bentley, Bryant, and YCSO. However, Plaintiff's allegations against Fleming and Howell stem solely from their judicial actions and are subject to summary dismissal. [Entry #13 at 6].

It is well-settled that judicial actions are protected from suit by the doctrine of absolute immunity. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *see also Plyler v. Burns*, 647 S.E.2d 188, 192–93 (S.C. 2007) (discussing common law judicial immunity). Absolute judicial immunity extends to judges and courts of limited jurisdiction, such as municipal and magistrate court judges. *Figueroa v. Blackburn*, 208 F.3d 432, 441–43 (3d Cir. 2000); *see also Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (involving a suit against two Virginia magistrates). Such immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Further, judicial immunity protects a judge from suit, not just from

ultimate assessment of damages. *Mireless*, 502 U.S. at 11. Because Fleming and Howell are entitled to absolute immunity for judicial actions taken in Plaintiff's state court proceedings, they should be summarily dismissed from the instant case.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the amended complaint be dismissed without prejudice and without issuance and service of process as to Rachel Anne Fiesta Fleming and Herman Melvin Howell.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 24, 2014                                                    Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).