IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dianne Michele Carter El-Bey, a/k/a D'ori Me'ira El-Bey, | ) ) ) | C/A No.: 0:14-513-TLW-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Clover Police Department; M.L. Wilson; C.J. Neeland; C.D. Dover; C.S. Salvage, Inc. d/b/a A+ Garage & Towing; J. Corsey Bentley; Rachel Anne Fiesta Fleming; Herman Melvin Howell; York County Sheriff's Office; and Bruce M. Bryant, | ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983. Defendants Clover Police Department, C.D. Dover, C.J. Neeland, and M.L. Wilson ("Clover Defendants") filed a motion for summary judgment on July 29, 2014. [Entry #32]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on July 30, 2014, advising her of the importance of the motion for summary judgment and of the need for her to file an adequate response. [Entry #33]. Plaintiff was specifically advised that if she failed to respond adequately, Clover Defendants' motion may be granted. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff has failed to respond to the motion.

On September 9, 2014, the court ordered Plaintiff to advise whether she wished to continue with the case by September 23, 2014. [Entry #38]. The court noted that J. Corsey Bentley and C.S. Salvage, Inc., also filed a motion to dismiss and for summary judgment on September 8, 2014 [Entry #35], to which Plaintiff's response was due by October 14, 2014. [Entry #36]. However, the undersigned advised that if Plaintiff failed to respond to the order, the court would assume that she wishes to abandon her case against all defendants and would recommend this matter be dismissed with prejudice against all defendants. Plaintiff has filed no response. As such, it appears to the court that she does not oppose defendants' motions and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 8, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).